UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD C. FLORY, ) | |
| ) | |
| Petitioner, ) | CASE NO. C04-2155-RSL |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| GARY FLEMING, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Donald C. Flory is a state prisoner currently incarcerated at the Washington State Reformatory in Monroe, Washington. He seeks relief under 28 U.S.C. § 2254 from the life sentence imposed following his April, 1983 conviction in King County Superior Court. In lieu of filing an answer, Respondent filed a motion to dismiss on grounds that Petitioner's federal habeas corpus petition is time-barred under 28 U.S.C. § 2255(d)(1)(D). Petitioner filed a response in opposition to the motion (Dkt. #20) and Respondent filed a reply (Dkt. #23). After careful consideration of the entire record, this Court recommends that Respondent's motion to dismiss should be GRANTED.

## II. PROCEDURAL HISTORY

On March 15, 1983, following a 5-day jury trial, Petitioner was convicted of

REPORT AND RECOMMENDATION
Page - 1

murder in the first degree while armed with a deadly weapon.[1]  He was 17 years old at the time of the crime.  Petitioner was sentenced to life in prison on April 13, 1983.  Dkt. #14, Ex. 1.

### A.  Direct Appeal

On February 2, 1984, Petitioner appealed his conviction to the Washington Court of Appeals, Div. I, claiming that the trial court erred by admitting evidence concerning comparison of microscopic hair samples.  *Id.* at Ex. 18, Attachment II.  The court of appeals affirmed his conviction in an unpublished opinion on November 11, 1984, and issued its Mandate on March 1, 1985.  *Id.*

### B.  Collateral Proceedings

On August 25, 1989, Petitioner filed a *pro se* Personal Restraint Petition ("PRP") in the court of appeals.  Dkt. #14, Ex. 17.  He claimed there was insufficient evidence to find him guilty of first degree murder beyond a reasonable doubt.  On April 11, 1990, the court of appeals dismissed the PRP, concluding that Petitioner failed to establish actual prejudice based on error of constitutional magnitude.  *Id.* at Ex. 19.  Petitioner's motion for discretionary review in the Supreme Court of Washington was denied by the Court Commissioner on August 14, 1990.  *Id.* at Ex. 21.

On April 29, 1999, Petitioner, represented by counsel, filed a second PRP in the court of appeals.  *Id.* at 22.  Petitioner claimed that the Indeterminate Sentence Review Board ("ISRB"): 1) incorrectly determined his standard range; 2) denied him due process

---

[1]Petitioner was also convicted under a separate cause number on stipulated facts for theft in the first degree and burglary in the second degree.  Dkt. #14, Ex. 5.  He was sentenced to ten years on each count.  *Id.* at Ex. 6.  Although the Board of Prison Terms and Paroles initially set his minimum term on each of these counts at 45 months, the Board later redetermined the minimum term to be one day, concurrent.  *See Id.* at Exs. 8, 9.

REPORT AND RECOMMENDATION
Page - 2

when it "reviewed" its reasons for imposing an exceptional minimum term without giving him notice and opportunity to be heard; 3) imposed an exceptional term without adequate reasons; and 4) abused its discretion by failing to consider mitigating factors. *Id.* The court of appeals dismissed the PRP on December 12, 1999. Dkt. #14, Ex. 25. Petitioner filed a motion for discretionary review in the supreme court (*Id.* at Ex. 26), which was denied by the Court Commissioner on April 20, 2000 (*Id.* at Ex. 28). On June 6, 2000, the supreme court denied Petitioner's motion to modify the commissioner's ruling. *Id.* at Ex. 30. A Certificate of Finality was issued to King County Superior Court on July 7, 2000. *Id.* at Ex. 31.

On July 23, 2001, Petitioner filed a third PRP in which he claimed that the ISRB's action in resetting his minimum term was unconstitutionally retroactive and it disadvantaged him. *Id.* at Ex. 32. The court of appeals dismissed the PRP on September 3, 2003. *Id.* at Ex. 37. In October, 2003, the supreme court commissioner denied Petitioner's motion for discretionary review. *Id.* at Ex. 39. Thereafter, in February, 2004, the supreme court denied Petitioner's motion for extension of time to file a motion to modify the commissioner's ruling. *Id.* at Ex. 42. A Certificate of Finality was issued on February 24, 2004. *Id.* at Ex. 43.

C.     Actions by the ISRB

In 1989, the Legislature adopted Substitute House Bill 1457 (1989), codified at section 9.95.116 of the Washington Revised Code, which directs the ISRB to "fix the duration of confinement for persons committed to the custody of the department of corrections under a mandatory life sentence for a crime or crimes committed before July 1, 1984." *See* RCW 9.95.116(1). On October 15, 1990, the ISRB requested a minimum term recommendation for petitioner Flory from the sentencing judge and the prosecuting attorney. *Id.* at Ex. 10,

REPORT AND RECOMMENDATION
Page - 3

11. Judge Bobbe Bridge[2] recommended a minimum term of 75 years, and the prosecuting attorney recommended an exceptional minimum term of 120 years due to defendant's display of deliberate and extreme cruelty to the victim. *Id.* at Ex. 12.

The hearing to fix the duration of Petitioners confinement was held on February 12, 1991. The ISRB based its decision on its consideration of all the information available regarding the offense, including Petitioner's prior criminal history, the adjusted Sentencing Reform Act (SRA) ranges, the Judge's and the Prosecutor's recommendation, victim information, and all other information required by SHB 1457. *Id.* at Ex. 13, Decisions and Reasons. Additionally, the Board interviewed Petitioner during the hearing and he presented a letter dated January 18, 1991, in which he challenged the accuracy of the Prosecutor's input. He also challenged his offender score and the last sentence in the Prosecutor's updated recommendation. *Id.* The ISRB set Petitioner's minimum term on the first degree murder conviction at 510 months, which is two times the low side of the SRA guideline range of 255-341 months. *Id.*

In January, 1992, the ISRB conducted an administrative review of its decision. *See* Dkt. 14, Ex. 14 - Murder 1 Decision Review. In reviewing the dictated aggravating reasons for Petitioner's minimum term, the Board noted that "[t]he reasons cited for the term kind of run together in narrative form." *Id.* It also identified two additional reasons – violation of the sanctity of the home and vulnerability by size (90 lb.) – that would help support the aggravated sentence. *Id.* Although the Board concluded that revised dictation was necessary, it decided to maintain Petitioner's 510-month minimum term. *Id.* Accordingly, on January 31, 1992, the ISRB issued an amended Decisions and

---

[2]The sentencing judge, Judge William C. Goodloe (Dkt. 14, Ex. 1), was no longer on the King County Superior Court bench.

REPORT AND RECOMMENDATION
Page - 4

Reasons, in which it clearly enumerated the compelling aggravating facts that mandated a duration of confinement above the SRA guideline range, including the two additional reasons identified in the administrative review. *Id.* at Ex. 15.

Thereafter, the ISRB conducted administrative progress reviews regarding Petitioner every two years. *Id.* at 16, Admin. Bd. Decisions from February 18, 1993, to March 14, 2001. The Board's March, 1997 decision specifically states, "Minimum term reviewed - no change in minimum term." *Id.* The decision also indicates that petitioner's next administrative progress review would be scheduled for February, 2003.

Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 15, 2004.

### III. GROUNDS FOR RELIEF

Petitioner presents the following three claims, and the facts upon which they are supported, for review in his federal habeas petition:

> Ground One: Ex Post Facto. Petitioner was sentenced to 20 years - life for murder 1 on 4-13-1983. This was for a crime committed on 11-4-82 when petitioner was 17. His initial ERD was 1998. In 1989, SHB 1447 (sic)[3] was passed. In 1991, the ISRB, per SHB 1447 (sic), increased his sentence to 42.5 years to life, making his ERD now 2011. Petitioner has never had a parole hearing.
>
> Ground Two: Due Process. Same facts as Ground One. Expectation of a parole hearing is a fundamental liberty interest. Petitioner has never had a parole hearing. Board didn't consider all factors.
>
> Ground Three: Equal Protection. SHB 1447 (sic) violates equal protection rights because some inmates do both a pre & post-SRA sentence, getting the worst of both. Post-SRA inmates are treated better than pre-SRA ones. Pre-SRA inmates get the [sic] no guarantee of ever having a parole hearing combined with the longer sentences of SRA inmates.

---

[3]The correct number for this 1989 session law is SHB 1457, which Petitioner accurately identifies in the memorandum filed in support of his habeas petition. Dkt. #11.

REPORT AND RECOMMENDATION
Page - 5

## III. DISCUSSION

In his motion to dismiss[4], Respondent argues that Petitioner's habeas petition is time-barred based on 28 U.S.C. § 2244(d)(1)(D). The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1); *see also Shelby v. Bartlett,* 391 F.3d 1061, 1063 (2004) (holding that § 2244's one-year limitations period applies to all habeas petitions even if the petition challenges a pertinent administrative decision rather than a state court judgment). The AEDPA also provides that the one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Moreover, for state prisoners, like Petitioner, whose convictions became final prior to AEDPA's enactment, AEDPA's one year statute of limitations began to run on April 25, 1996, the day after AEDPA was enacted. *Malcolm v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002) (citing *Patterson v. Stewart,* 251 F.3d 1253 (9th Cir. 2001). Thus, counting forward one year, Petitioner had until April 24, 1997, to file his federal habeas petition, unless the statute of limitations was statutorily or equitably tolled. Petitioner Flory's federal habeas petition was filed on October 15, 2004, almost seven and one-half years after the one-year limitations period had run. Therefore, his habeas petition is timely

---

[4]Petitioner's contention that Respondent should be ordered to file an Answer and then proceed by way of Summary Judgment to Dismiss is without merit. Respondent filed a Statement of Cause for Filing Dispositive Motion in Lieu of Answer (Dkt. # 14) along with his motion to dismiss that satisfies provision 2 of the Order Directing Service and Return of the § 2254 habeas petition (Dkt. #3), which states in pertinent part, "[t]he Respondent shall not file a dispositive motion in place of an Answer without first showing cause as to why an Answer is inadequate."

REPORT AND RECOMMENDATION
Page - 6

only if his state court petitions tolled AEDPA's statute of limitations for all but 365 days or less between the date on which the statute of limitations began to run and the filing of his federal habeas petition.

A. Statutory Tolling

Under § 2244(d)(1)(D), the one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Respondent argues that Flory's habeas petition is time-barred under § 2244(d)(1)(D) because: (1) all three of his habeas claims challenge a February 1991 action of the Board; (2) he did not file a federal habeas petition challenging that 1991 Board action until his present habeas petition, and (3) he knew of the factual predicate of his current grounds for relief as of February 1991.

However, Petitioner argues that the factual predicate of his claims is the ISRB's failure to grant him a parole hearing, and he asserts that an ISRB letter dated March 14, 2001 (Decl. of Pl.'s Counsel, Dkt. #21, Ex. A-1) was the last factual predicate before he filed a PRP in July, 2001, which tolled the statute of limitations for two and one-half years. Petitioner contends that his habeas petition was filed within the 1-year time limit because only nine months of untolled time[5] elapsed between the factual predicate for his claims and the filing of his federal habeas petition.

This Court's review of the record reveals no facts that support Petitioner's assertion that the ISRB's March, 2001 letter[6] is the factual predicate for his habeas

---

[5] Petitioner calculated this total on the basis of 4 months between the factual predicate and the 2001 PRP plus 5 months between the conclusion of the PRP and the filing of his habeas petition).

[6] This letter from the ISRB to the Associate Superintendent, Classification and Treatment at the Washington State Reformatory simply indicates that the Board conducted its "February

REPORT AND RECOMMENDATION
Page - 7

claims. Instead, as set out in Section III above, Petitioner's habeas claims plainly identifies as supporting facts for his claims the ISRB's 1991 action of setting Petitioner's minimum term of confinement at 42.5 years to life, pursuant to SHB 1457. Dkt. #1 at 5-6. Additionally, fact summaries in the Fact Supplement to Petitioner's habeas petition (Dkt. #1) and the Memorandum in Support of Petitioner for Habeas Corpus (Dkt. #11 at p. 9), state that "[a]s a result of this redetermination [by the ISRB], Mr. Flory has not received one parole hearing." Significantly, as noted by Respondent, neither the habeas petition nor its supporting pleadings mention the ISRB's March, 2001 letter as a supporting fact for Petitioner's claims.

In light of these facts, I conclude that the ISRB's action on February 12, 1991, setting the duration of Petitioner's confinement as required by SHB 1457 was the factual predicate for his habeas claims. Petitioner could have discovered this fact with the exercise of due diligence when the ISRB issued its Decision and Reasons after the hearing in February, 1991 (Dkt. #14, Ex. 13), or, at the latest, when the ISRB amended the Decisions and Reasons in January, 1992 (Dkt. #14, Ex. 15). Thus, none of Petitioner's three PRP's tolled the one-year limitations period that began to run from the date this factual predicate could have been discovered because Petitioner's first PRP was filed and completed before the ISRB's 1991 action, and his second and third PRP's were filed in 1999 and 2001 respectively, well after both the one-year period under § 2244(d)(1)(D) and after April 24, 1997.

B. Equitable Tolling

The Ninth Circuit permits equitable tolling of AEDPA's limitations period "only if

---

2001 Administrative Progress Review" regarding Petitioner Flory and it notes that the next action is to "Schedule February 2003 Administrative Progress Review."

REPORT AND RECOMMENDATION
Page - 8

extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 9th Cir. 1996), *cert. denied*, 522 U.S. 814, 118 S.Ct. 60, 139 L.Ed.2d 23 (1997)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997). When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate. *See Calderon (Kelly)*, 163 F.3d at 541; *Calderon (Beeler)*, 128 F.3d at 1288-89. In the present case, Petitioner makes no showing that he is entitled to equitable tolling.

Because Petitioner has filed his federal habeas petition outside the AEDPA statute of limitations period, and because he has not demonstrated that he is entitled to statutory or equitable tolling, the undersigned recommends that his federal habeas petition should be dismissed as time-barred.

## IV. CONCLUSION

For the reasons stated above, I recommend that Respondent's motion to dismiss (Dkt. #15) be GRANTED, thereby denying Petitioner's § 2254 habeas petition (Dkt. #1) and dismissing this action, with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of August, 2005.

Monica J. Benton
United States Magistrate Judge